You can you can help me. Is it Zibal? It's Zibal, Your Honor. Zibal. Mr. Zibal. Thank you, Your Honor. Good morning and may it please the court. My name is Dan Zibal and I'm here today on behalf of the appellants in this case, Dr. Amanda Lawson-Ross and Tristan Byrne. I'm going to be addressing the preemption and federalism issues presented and will share the argument with my co-counsel Catherine Yanez who will address the affirmative basis for affirmation made by Great Lakes. I'll tell you this. I think the district court's wrong about the preemption and I think you've got big problems on the other issue, on the 9b issue. You know, this is the danger of what happens when you divide an argument and you divide it up between two different people and you can do you assume on the front end that we're going to want to talk mainly about one issue versus maybe an alternative ground for affirming but I just want you to know at the outset that's where I am on this case. That's fair and we appreciate that, Your Honor. With the court's indulgence, we're happy to adjust as if that's something that the court appears to be heading in that direction and I'm also happy to address some of the some of the alternative bases if that would be that's preferred by the court. The complaint in this case asserts a series of state law causes of action centered around allegations that Great Lakes provided false information to student loan borrowers and affirmatively misled and affirmatively misled them to believe that they were on track for something called public service loan forgiveness which is a federal student loan forgiveness program that incentivizes students to undertake careers in public service, military members, cops, prosecutors, teachers. The district court dismissed the case holding that the claims were expressly preempted by 20 U.S.C. section 1098G. In so doing, the district court guided its analysis by looking to three sources. A district court opinion in the Nelson versus Great Lakes case which has since been vacated by the U.S. Court of Appeals for the Seventh Circuit, a notice of interpretation published by the U.S. Department of Education that has been found unpersuasive by every other federal court to have examined it, and an incomplete reading of the Ninth Circuit case where that incomplete analysis has been found as such by the Seventh Circuit in Nelson and also elsewhere. I think with respect to the preemption issues, this case can be resolved by a plain meaning reading of 1098G which narrowly refers only to a state's ability to impose disclosure requirements with respect to student loans and there is simply nothing in the suggest that Congress intended to preempt the state law duty not to make false or fraudulent statements. Yet the reading adopted by the district court on preemption if upheld here takes that clause 1098G and the preemption of state law disclosure requirements and turns it into a grant of de facto immunity to student loan servicing companies from actions brought by student loan borrowers or state attorneys general who are looking to enforce the law of their state governing communications between servicers and borrowers irrespective of the veracity. Is there a federal remedy to this? There is no. Under 1083, I think it's B and E, a variety of ways by which this matter can be brought to the department. Didn't the Congress foreclose a private right of action and then provided a remedy? There is no private right of action under the Higher Education Act. This court has made that clear and that's consistent with the holding of courts across the country and we certainly concede that fact. The fact that Congress foreclosed a private right of action under federal law does not speak to what Congress chose to do under state law. What is a remedy in the You can file a complaint with the Department of Education and the Department of Education can take it and do whatever it chooses with it, whether that's to take some action against the student loan servicing company. If it is a contractor with the department, the department has contractual remedies. The department and the department's authorities and one of them that's pointed out in Great Lakes is brief under 34 CFR 682 709 actually allows the restitution type effects for student loan borrowers but even there it's cabined to violations of the applicable law. So there really is no federal remedy other than to complain to the government. I think the other key point I would make your honor is that there's also no enforcement authority for state attorneys general under state law if you accept the reading of the district court. That once these state laws are preempted it's not just the private right of action it also becomes the public enforcement by state attorneys general of the authority to enforce their state's consumer protection laws. What would be the effect then of having a federal program which as we know is in some trouble having 50 different attorney generals or 50 different state process of action addressing this issue? I think when we're framing the issue in terms of an affirmative misrepresentation where the duty is simply to speak truthfully. We're not talking about the kinds of disclosure requirements that are actually preempted here. What we're talking about is the duty to speak truthfully and I would point your honor to the Cipollone opinion from the Supreme Court where even if there is this notion of uniformity it's quite clear that the duty to speak truthfully does not disrupt any federal interest in uniformity that may exist. So I think Congress in 1098G preempts state disclosure laws in some respect. So if a state for example said you know to a student loan servicing company you have to provide a you know a weekly notice of the balance that would be preempted under 1098G. But where a student loan servicing company promotes itself as advertising advisory services to student loan borrowers and then provides false information to those borrowers that is something that does not arise under the Higher Education Act but is governed by the historic police powers of state consumer protection laws. I do want to just very very briefly address the conflict preemption arguments that were raised by Great Lakes and I think Judge Brabrano you were getting to them with your question. I would also note that this court's opinion in Cliff v. Paco I think is quite clear on your honor's point where the court noted that consumer protection statutes actually many of them do not conflict with the Higher Education Act and are actually supportive of the Higher Education Act and the Higher Education Act's goals of helping people not only pay for college but helping people repay those loans and when we're getting student loan borrowers are getting false information from their servicers that is something that is not going to comport with the goals of the Higher Education Act and state laws that say you must speak truthfully if you speak at all when you speak simply speak truthfully that is really where this case lands and it is not an obstacle at all to the to the operation of the federal program. I think heeding Judge Pryor's advice if with the court's indulgence if I could turn the turn the remainder of my time over to my co-counsel I'd be happy to do that. We'll give her an extra minute we'll give her three. Thank you your honor I greatly appreciate it your honor. I'm Katherine Yanez also on behalf of the time-place you know requirements of Rule 9b. I will head directly to that point then your honor. You know all those 9b elements we're used to seeing certainly don't have those for these alleged misrepresentations. Certainly your honor it's our position that Rule 9b's heightened pleading standard does not require dismissal of plaintiff's claims. I would initially point out that Great Lakes potentially waived the 9b argument. Great Lakes did not raise this argument in its initial motion to dismiss and in fact did not raise it until the district court gave it an opportunity to file supplemental briefing regarding the notice of interpretation issued by the Department of Education. It seemed to me that it's true they brought it up in the later brief you had an opportunity your client had an opportunity to respond to that so I don't think there's a waiver insofar as the matter was presented to the district court and it's clearly raised as an alternative ground for affirming and their brief before us right. Thank you your honor. Your rule 9b should not be applied either to the breach of fiduciary duty or to the FCCPA claims that the appellants have raised to the extent that Rule 9b does require pleading with particularity here as to certain of plaintiff's claims that standard is satisfied by the allegations of plaintiff's claims and additionally to the extent that this court might find that greater specificity is required the affirmance of the dismissal with prejudice of plaintiff's claim excuse me plaintiff's complaint but a remand to allow plaintiffs to amend their complaint. It would be a vacate and remand with instructions to dismiss without prejudice and with leave for an opportunity to amend right. Should the It wasn't clear to me which the district court did here the district court didn't say with prejudice or without prejudice did it? You know I believe your honor may be correct that it didn't say with prejudice certainly implicit because it dismissed on preemption grounds it did not address the district court did not address the alternative grounds so we would believe that it was implicit that it was with prejudice we believe it should be without prejudice if it's 9b I see I'm going over my time and unless the court would like to ask me questions I will sit down. Okay. Thank you your honor. Mr. Panagopoulos. Good morning Konstantinos Panagopoulos for Great Lakes. Your honor having listened to your view I would like to address some of the preemption issues first and then I'll go on. Thank you sir it's right. I'm sorry. You should not assume that one prior speaks for another. That's true. Fair point. With respect to the issue of preemption we we believe that it's fairly clear here that these claims really are preempted if you look at the amended complaint and what's alleged starting in paragraph 26 Great Lakes responsibilities include communicating with borrowers in 27 the way that Great information to determine the best repayment alternatives or options and goes on to say that what we have here is an express preemption provision right right and what it what it preempts is any state law that would impose additional disclosure requirements right and that's exactly and and as I understand it their argument their argument though is that your client made affirmative misrepresentations there are two sides of the exact same coin your honor there's no no no no no no how can that be well here's how it can be what they're suggesting is that they were again the allegations are vague but that they were told that they were on track for repayment of their loans well that means they weren't told from a disclosure process that they were required to consolidate their loans and this was how the program let's say that's false let's say they were on track if that's false then it's an inappropriate disclosure no then it's an affirmative misrepresentation your honor I think that you're opening the the barn door and letting the horses out and making an argument like that because here if you suggest that what they said was inappropriate whether it's because it's false or enough wasn't said you're then necessarily imposing specific disclosure requirements and those could vary state-by-state and would specifically conflict with the Higher Education Act here the point is it not not imposing disclosure requirements imposing non-disclosure requirements as I understand the position of the plaintiff is that the server should have remained silent is that is that good the arrangement Congress made no there are specific if you again if you look at the statute there are several sections that talk about the disclosures that should be made and the disclosures are supposed to be simple and you know understandable so they're not just simply forms that are out there and you look at the statement of interest the statement of interest that the Department of Education has filed has also said hey that includes oral statements as well and that makes sense here what you have is a giant federal loan program it's the largest asset of the federal government and the federal government is trying to regulate it here and judge a brand-new ask the question of whether or not there were remedies there are remedies number one as noted they could complain to the Department of Education number two the CFPB has the authority to conduct enforcement proceedings and to investigate number three they indicated that state AGs don't have the authority under state law to open investigations but they have the authority under federal law to open investigations for violations of federal law so state AGs can come in here as well so Congress has established a giant unique program and has set forth what the parameters are it has contracted with every single servicer and it takes actions against servicers who don't comply and that's the way it works and as I judge prior noted earlier it may be that the student loan program is in trouble but this is how Congress has set it in place in order for it to operate best one set of rules for everybody it contracts with the parties to service it takes care of enforcement if people don't comply if the servicers don't comply with the contracts or don't comply with the laws and regulations and that's how the system works and that's how it's intended to work which is why these claims are preempted in your view is there anything the servicer could say that would be actionable or would it all just be a matter of disclosure that's preempted under federal law I can't think of a circumstance here where it wouldn't be preempted if it was something the servicer said but I think what's clear is it servicer said something like you know if you if you pay another $500 that will satisfy your loan probably a silly example well your balance shown was where there's a computer mistake or what-have-you but I think what's clear is what they're alleging here let's say that there was a balance and what the borrower was told what the debtor was told was that he didn't have to make any further payments I think if that's incorrect if you look at the disc if that's false right if that is formative misrepresentation if that is false and that is incorrect if you look at the disclosures that are required and includes a requirement of the balance of the loan so if that's incorrect if that's false the remedy is to complain to the Department of Education the remedy is for the Department of Education to take action against the lender the remedy is for a state AG to take action against the lender the remedy is for the CFPB to take action against the lender you're not it's important to note that you're not eliminating all the remedies here all you're doing is making sure that the remedies are consistent and that the federal government that created this program has the opportunity to manage this system on a consistent basis nationwide now you arguing express preemption or conflict I your honor I believe one would you choose as your number one argument I would choose as my number one argument conflict preemption but I believe express preemption applies as well because of what the what the when you look at the express language of the statute but it clearly conflicts with a federal purpose you do one without the other is that I think you can I was state law without without violating federal law not with respect to the allegations the plaintiffs have made in this case I can't think of every conceivable circumstance but with respect to the allegations made here we were told that we were on track that relates specifically to the types of disclosures that are required under the statute it seems to me that we may be conflating the merits of the program with preemption that is it may be the remedy is not adequate enough maybe Congress ought to do something about it but the question is does the fact that the remedy is weak then spill over to whether or not this is preempted whether or not we'll create a state law remedy for it it shouldn't because Congress had spoken and if Congress has done the wrong thing it's up to Congress to correct that issue because here you have again a system in place and what plaintiffs want to do is create a system of 50 different rules on what can be said how it can be said when it can be said to who it can be said Great Lakes is based in Wisconsin the plaintiffs here based in Florida they service loans all over the country you're now making them subject to 50 at least 50 different disclosure requirements with unless there any other questions on that I'll move on to their subject to the same disclosure requirements uniform federal disclosure requirements but if they affirmatively lie well again subject to state law that's that's my reading of it that's the Seventh Circuit's reading right the Seventh Circuit read it that way the Ninth Circuit did not so there are two different arguments there in the Department of Education their statement of interest supports the Ninth Circuit's reading now I know counsel has indicated that they believe you know shade doesn't go as far as the DOE says it does but it actually does it decided that there was expressed preemption with some claims and conflict preemption on the rest the bottom line is that all the claims were preempted and held to be preempted what's wrong with that Nelson then Nelson Nelson looked at the affirmative misrepresentation claims and didn't consider whether they were failure to disclose it simply assumed that those are two different things it simply says that look there are affirmative misrepresentation claims and there are failure to disclose claims but here they really are two different sides of the same coin you're on track well they weren't told that they had to consolidate their loans and be under a different program which is a required disclosure so it all comes down to what the specific allegations are that are that are placed in the complaint but you're arguing the same thing tomato tomato potato potato prior right ask the question whether there's anything that can be said which you would admit constitutes is outside the federal preemption was the example that you just gave it looks at the specific allegations for the conflict preemption it wouldn't matter what was said yeah and your honor I can't think of anything when it comes to the disclosures that are within Congress's purview to set in which they did in which their regulations on any type of disclosure that relates to those that I think there would be a conflict as the Shea court found as the DOE found and is in its notice and I think that you know that is entitled to some deference and we may not like where it winds up or some may not like where it winds up but you know that's what Congress has put in place and that's the only system that seems like it would work with respect to a national program where there has to be consistency and uniformity and that uniformity is set throughout the statute and throughout the regulations and that uniformity 11th Circuit cases which identify the purpose of the statute which do not include uniformity as one of the purposes so does that mean it's left out for maybe was not in those cases I believe it in those cases where it's not addressed it's simply not considered again all you have to do is look at the statute itself and see how it addresses every single stage of the student loan what you're required to say and do before the student loan is granted before repayment starts when repayment is occurring what are the consolidation requirements what can you do in order to get a deferral it addresses everything which is why you need that uniformity with respect to the alternative basis of affirmance we also believe that they just haven't plotted there is nothing right about the point about how we would do let's say let's say we disagree with you about preemption and let's say that we agree with you about 9b the right way to deal with that though would be to vacate and remand with instructions to dismiss without prejudice right I agree with that your honor and I also believe that the dismissal was with prejudice here because it was based on preemption and the case was closed so it was not a dismissal without prejudice initially and unless there are any further questions I believe I've concluded okay who am I gonna hear from now it wants to mr. Sybil miss Kiernan thank you your honor I just want to address a couple of the points that Great Lakes has made first I think it's clear from a reading of the complaint that this lawsuit alleges affirmative misrepresentations made by student loan borrowers each of the counts refer to a false information that was provided this is not a situation where state law is opposing an affirmative obligation for Great Lakes to say anything and that how this that is how the complaint is constructed paragraph 75 talks about by repeatedly giving customers false information paragraph 80 says almost the same thing paragraph 86 the plaintiff would not have had to pay had Great Lakes provided truthful and accurate information the focus of the complaint is about the truthfulness of Great Lakes statements not whether they had to speak at all in terms of whether they had to say something more or something not whether they had to say something more or or or less than or different than what the federal government requires under the Higher Education Act and under 20 USC section 1083 which is the disclosure section I think the distinction here as I mentioned before is is clearly set out in the case law in a whole array of context I've pointed the court to chip alone where the Supreme Court stated again this is dicta but unlike state law obligations sorry excuse me state law prohibitions on false statements of material fact do not create diverse non-uniform and confusing standards the tobacco program was not a national program that's correct didn't know people didn't know money to the federal government and there were trillion dollars etc that was that was really a cost of action between private parties that's correct although the labeling requirements were part of the 69 Public Health and Safety Act but again if we look at the plain text of what Congress said Congress chose narrow words disclosure requirements Congress certainly could have gone broader than those words and in fact I think in chip alone provides a good example of where Congress actually did go broader and talked about both requirements and state law prohibitions here the words are disclosure requirements although I understand that it's part of a part of a broader legislative history that would like the closure requirements means well I think looking at the legislative history all together and where this provision came into place was in 1982 in the garden St. Germain Depository Institution Act which amended the Truth Lending Act requirements and the point of that amendment was there were the HGA is required disclosures and Tila also had a set of required disclosures and Congress was concerned that by imposing the Tila disclosures on top of the HGA disclosures there could be this confusion so Congress very clearly in section 701 a of that act exempted the Tila disclosures from higher education Act loans the problem is that if Congress had stopped their Tila also had a provision whereby states could opt out of Tila if they had their own state law substantially similar requirements so if you had stopped at 7701 a any state that had adopted their own requirements would not be preempted under that provision so Congress then adopted 701 B of the garden St. Germain Act and that's what's now in 1098 G can follow sort of the statutory math there and if you look at what Congress was talking about in Tila and Tila didn't define disclosures at the time but Tila did include a definition of material disclosures which is in 15 USC 1602 V now and if I see that my time is up if you'd like me to stop I'm happy to if you'd like me to finish my sentence I thought I made that clear first thing this morning I think we have your case oh we're gonna take a break for about 10 minutes thank you your honor